

**United States Department of Justice**

**RONALD W. SHARPE**
*United States Attorney*
*District of the Virgin Islands*

---

*Main Office: Ron de Lugo Federal Building and U.S. Courthouse*

*5500 Veterans Drive, Room 260*
*Charlotte Amalie*
*St. Thomas, VI 00802-6424*
*(340) 774-5757*

*Branch: 1108 King Street, Suite 201*
*Christiansted*
*St. Croix, VI 00820-4951*
*(340) 773-3920*

March 8, 2011

Marcia M. Waldron, Clerk
Office of the Clerk
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

     RE:    *United States v. Dorian Swan*, Case No. 10-4188

Dear Attorney Waldron:

     Appellee, United States of America, through United States Attorney Ronald W. Sharpe, and brings to the Court's attention a conflict of interest that may exist based on counsel for Appellant Dorian Swan's representation in this matter.

     The prosecutor has an obligation to bring conflicts of interest to the attention of the Court. The prosecutor should inform the Court of conflicts because the prosecutor has a duty to seek justice, *United States v. Tatum*, 943 F.2d 370, 379-80 (4th Cir. 1991), and because of the ethical duties imposed on lawyers as officers of the court. *In re Gopman*, 531 F2d 262, 265-66 (5th Cir. 1991). Practical considerations also require the prosecutor to bring these conflicts issues to the attention of the Court because convictions are placed in jeopardy and scarce judicial resources are wasted when possible conflicts are not addressed as early as possible. *United States v. Stantini*, 85 F.3d 9, 13 (2nd Cir.), cert. denied, 519 U.S. 1000 (1996); *United States v. Malpiedi*, 62 F.3d 465, 470 (2nd Cir. 1995) interest to "protect the record". *Ciak v. United States*, 59 F.3d 296, 306 n.8 (2nd Cir. 1995).

*United States v. Swan*
Case No. 10-4188
Page 2

On December 19, 2006, the grand jury in the District of the Virgin Islands returned an indictment, hereinafter referred to as "Redball II" indictment, charging Swan and his nine co-defendants with drug conspiracy in Criminal No. 2006-80. The trial in this matter commenced on May 24, 2010. The government relied largely on the testimony of Glenson Isaac, a cooperating co-conspirator, to establish Swan's membership and role in the conspiracy. On May 31, 2010, the jury, after deliberating for less than two hours, returned a verdict of guilty on all counts for all defendants.

Isaac, represented by Alvin Entin, Esq., is scheduled to be sentenced on May 24, 2011, for his role in the offense. Notwithstanding his representation of Isaac, on January 20, 2011, counsel filed a Notice of Appearance on behalf of Appellant Dorian Swan in this matter. The government subsequently advised counsel, through his associate, of the apparent conflict of interest. To date, counsel has failed to withdraw his representation of Swan.

The Third Circuit has recognized that there are a number of factors which the court must consider in addressing the permissibility of representation by a particular attorney. These include whether the attorney has divided loyalties among multiple current or past clients, and whether the representation will in any other way offend rules of professional conduct. A conflict may also arise from the personal interests of counsel that are "inconsistent, diverse or otherwise discordant" with those of his client and which affect the exercise of his professional judgment on behalf of his client. *Government of Virgin Islands v. Zepp*, 748 F.2d 125, 135 (3d Cir. 1984). In short, when the court finds an actual conflict of interest which impairs the ability of a defendant's chosen counsel to conform with professional requirements, the court is not required to tolerate the matter, which not only invites disrespect for the integrity of the court, but is also detrimental to the independent interest of the court to be free from future attacks on verdicts. *Wheat v. United States*, 486 U.S.153, 160-162 (1988); *United States v. Dolan*, 570 F.2d 1177, 1184 (3d Cir. 1978).

Rule 1.9 of the ABA Rules of Professional Conduct states in pertinent part: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." The Third Circuit has held in *United States v. Provenzano*, 620 F.2d 985 (3d Cir. 1980), that where the circumstances warrant, the Court may exercise its supervisory authority over members of the bar to enforce ethical standards requiring an attorney to decline multiple (and by extension, successive) representations.

*United States v. Swan*
Case No. 10-4188
Page 3

      In conclusion, the representation of Isaac and Swan by Alvin Entin, Esq. may be an impermissible conflict of interest.

                                Respectfully submitted,

                                RONALD W. SHARPE
                                UNITED STATES ATTORNEY

                      By:   /s/ *Delia L. Smith*
                                Delia L. Smith
                                Assistant United States Attorney

cc:  Alvin E. Entin, Esq.
     Entin & Della Fera, P.A.
     110 S.E. 6th Street, #1970
     Fort Lauderdale, Florida 33301